DANIEL JOHNSON, JR. (State Bar No. 57409)
MICHAEL J. LYONS (State Bar No. 202284)
DION M. BREGMAN (State Bar No. 208393)
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306-2122
Tel: 650.843.4000
Fax: 650.843.4001
E-mail: djjohnson@morganlewis.com
E-mail: mlyons@morganlewis.com
E-mail: dbregman@morganlewis.com

Attorneys for Plaintiff
ENPHASE ENERGY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENPHASE ENERGY, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> SOLARBRIDGE TECHNOLOGIES, INC., a Delaware corporation, <br><br> Defendant. | Case No. 5:14-cv-04553 <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff ENPHASE ENERGY, INC. ("Enphase") alleges as follows:

**PARTIES**

1. Plaintiff Enphase is a Delaware corporation with its principal place of business at 1420 N. McDowell Boulevard, Petaluma, CA 94954-6515. Enphase is qualified and duly authorized to conduct business in the State of California.

2. On information and belief, Defendant SolarBridge Technologies, Inc. ("SolarBridge") is a Delaware corporation doing business in this judicial district, and has a principal place of business at 9229 Waterford Centre Boulevard, Suite 110, Austin, TX 78758.

**JURISDICTION AND VENUE**

3. This is a civil action arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 1338(a).

4. Personal jurisdiction as to SolarBridge is proper in the State of California and in this judicial district. On information and belief, SolarBridge maintains regular and ongoing business activity in this State and in this judicial district, at least through its commercial relationship and sales transactions with customers in this judicial district, and therefore has sufficient contacts with the State of California to satisfy the requirements of due process and Rule 4(k)(2) of the Federal Rules of Civil Procedure. On information and belief, in July 2014, SolarBridge provided training and product briefing at a solar industry conference, Intersolar North America 2014, which took place in San Francisco, California. SolarBridge offered to sell microinverters for use with solar panels, and on information and belief, has sold microinverters to the public in Northern California. In addition, on further information and belief, SolarBridge imported or imports microinverters into the United States. Defendants have purposefully availed themselves of jurisdiction by committing and continuing to commit acts of patent infringement in this Judicial District, the State of California, and elsewhere in the United States.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)-(d) and 1400(b).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

COMPLAINT FOR PATENT INFRINGEMENT;
CASE NO.: 5:14-CV-05443

**INTRADISTRICT ASSIGNMENT**

6. Under Civil L. R. 3-2(c), this action shall be assigned on a district-wide basis, notwithstanding the fact that a substantial part of the events that give rise to the claims alleged herein occurred in this judicial district.

**PATENTS-IN-SUIT**

7. Enphase is the sole owner of U.S. Patent No. 8,035,257 (the "'257 patent"), issued on October 11, 2011, titled "Method and Apparatus for Improved Burst Mode During Power Conversion." A true and correct copy of the '257 patent is attached as Exhibit A.

8. Enphase is the sole owner of U.S. Patent No. 7,986,122 (the "'122 patent"), issued on July 26, 2011, titled "Method and Apparatus for Power Conversion with Maximum Power Point Tracking and Burst Mode Capability." A true and correct copy of the '122 patent is attached to this Complaint as Exhibit B.

9. Enphase is the sole owner of U.S. Patent No. 7,768,155 (the "'155 patent"), issued on August 3, 2010, titled "Method and Apparatus for Improved Burst Mode During Power Conversion." A true and correct copy of the '155 patent is attached to this Complaint as Exhibit C.

10. Enphase is the sole owner of U.S. Patent No. 5,951,785 C1 (the "'785 patent"), reexamination certificate issued on November 16, 2012, titled "Photo-Voltaic Apparatus." The '785 patent was assigned to Enphase on July 23, 2014. A true and correct copy of the '785 patent is attached to this Complaint as Exhibit D.

11. The '257 patent, '155 patent, '122 patent, and the '785 patent are referred to collectively herein as the "Patents-In-Suit."

**ENPHASE'S SOLAR POWER CONVERSION TECHNOLOGY**

12. Solar panels, or photovoltaic ("PV") modules, convert energy received from sunlight into direct current ("DC") electricity. Inverters play a crucial role in any solar energy system by converting DC current into grid-compliant alternating current ("AC"), the standard used by all commercial appliances, for use by consumers or for feeding back into the utility grid for use by others.

13. Traditionally, solar panels are connected together in a series of circuits fed into a single, central inverter device that converts DC electricity generated by tens, hundreds or even thousands of solar panels as if they are one unit. Smaller "microinverters," dedicated to each solar panel, are designed to improve the efficiency of the electricity generation of each panel and are intended to replace these large central inverters.

14. Enphase is the market leader in microinverters and was the first company to commercially ship microinverter systems in volume. By leveraging its design expertise across power electronics, semiconductors, networking and embedded and web-based software technologies, Enphase built from the ground up a semiconductor-based microinverter system which brings a system-based, high technology approach to solar energy generation. The Enphase microinverter system delivers efficient and reliable power conversion at the individual solar panel level. The Enphase microinverter system uses proprietary digital architecture that incorporates custom application specific integrated circuits, or ASICs, specialized power electronics devices, and an embedded software subsystem that optimizes energy production from each panel and manages the core ASIC functions. The Patents-In-Suit generally relate to methods and systems for converting DC power generated by the solar panel into grid-compliant AC power. One aspect of the claimed technology improves the operation of PV modules, for example, by controlling the burst modes that permit them to operate efficiently even in lower sunlight conditions. Another aspect of the claimed technology improves microinverter performance, for example, by providing space between the microinverter and the solar panel for air to flow.

**THE ACCUSED PRODUCTS**

15. The Accused Products include at least the SolarBridge Pantheon™ Microinverter (Part Nos. P235LV-240 and P235HV-240), and the SolarBridge TrueAC™ Module (Part Nos. SBT250-NA240-A311 and SBT250-NA240-A111). The SolarBridge Pantheon Microinverter is a plug-and-play module which receives DC power from a PV module, processes the power, and outputs AC power that is phase locked to the AC power of the electric utility power grid. The SolarBridge TrueAC Module is a PV module with integrated Pantheon Microinverter and AC cabling. The Accused Products include the claimed features of the Patents-In-Suit, including but

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

2

COMPLAINT FOR PATENT INFRINGEMENT;
CASE NO.: 5:14-CV-05443

not limited to: (i) a "burst mode" that employs "maximum power point tracking," to obtain efficient power conversion, and (ii) a physical layout of the microinverter with respect to an associated PV module that permits air flow there between.

16. Upon information and belief, SolarBridge sells the Accused Products to at least one customer located within this judicial district.

## FIRST CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 8,035,257)

17. Enphase realleges and incorporates by reference the allegations stated in paragraphs 1 through 16 of this Complaint.

18. SolarBridge, by engaging in the unauthorized manufacture (or causing to be manufactured), importation, use, sale and/or offer for sale of the Accused Products that are covered by one or more of the claims of the '257 patent, has committed acts of direct infringement of one or more claims of the '257 patent. These acts constitute violations of 35 U.S.C. § 271.

19. SolarBridge has committed acts of contributory and/or inducement of infringement of one or more claims of the '257 patent by selling, supporting, and/or encouraging infringing methods of use of the Accused Products to third parties, including but not limited to customers and end-users. Such microinverters are not staple articles or commodities suitable for non-infringing uses. These acts constitute violations of 35 U.S.C. § 271.

20. On information and belief, SolarBridge's infringement of the '257 patent has been willful and deliberate. SolarBridge is very familiar with Enphase and its revolutionary microinverter technology and, on information and belief, has knowledge of the '257 patent. Despite this knowledge, SolarBridge has continued to directly and indirectly infringe one or more claims of the '257 patent, entitling Enphase to increased damages under 35 U.S.C. § 284 and to attorneys' fees and expenses incurred in prosecuting this action under 35 U.S.C. § 285.

21. Such infringement has injured and damaged Enphase. Unless enjoined by this Court, SolarBridge will continue its infringement, irreparably injuring Enphase.

22. As a direct and proximate result of SolarBridge's infringement of the '257 patent,

Enphase has been damaged in an amount yet to be determined.

## SECOND CLAIM FOR RELIEF

**(Infringement of U.S. Patent No. 7,986,122)**

23. Enphase realleges and incorporates by reference the allegations stated in paragraphs 1 through 22 of this Complaint.

24. SolarBridge, by engaging in the unauthorized manufacture (or causing to be manufactured), importation, use, sale and/or offer for sale of the Accused Products that are covered by one or more of the claims of the '122 patent, has committed acts of direct infringement of one or more claims of the '122 patent. These acts constitute violations of 35 U.S.C. § 271.

25. SolarBridge has committed acts of contributory and/or inducement of infringement of one or more claims of the '122 patent by selling, supporting, and/or encouraging the infringing use of the Accused Products to third parties. Such microinverters are not staple articles or commodities suitable for non-infringing uses. These acts constitute violations of 35 U.S.C. § 271.

26. On information and belief, SolarBridge's infringement of the '122 patent is, has been, and continues to be willful and deliberate. SolarBridge is very familiar with Enphase and its revolutionary microinverter technology and, on information and belief, has knowledge of the '122 patent. Despite this knowledge, SolarBridge has continued to directly and indirectly infringe one or more claims of the '122 patent, entitling Enphase to increased damages under 35 U.S.C. § 284 and to attorneys' fees and expenses incurred in prosecuting this action under 35 U.S.C. § 285.

27. Such infringement has injured and damaged Enphase. Unless enjoined by this Court, SolarBridge will continue its infringement, irreparably injuring Enphase.

28. As a direct and proximate result of SolarBridge's infringement of the '122 patent, Enphase has been and continues to be damaged in an amount yet to be determined.

## THIRD CLAIM FOR RELIEF

**(Infringement of U.S. Patent No. 7,768,155)**

29. Enphase realleges and incorporates by reference the allegations stated in

paragraphs 1 through 28 of this Complaint.

30. SolarBridge, by engaging in the unauthorized manufacture (or causing to be manufactured), importation, use, sale and/or offer for sale of the Accused Products that are covered by one or more of the claims of the '155 patent, has committed acts of direct infringement of one or more claims of the '155 patent. These acts constitute violations of 35 U.S.C. § 271.

31. SolarBridge has committed acts of contributory and/or inducement of infringement of one or more claims of the '155 patent by selling, supporting, and/or encouraging the infringing use of the Accused Products to third parties. Such microinverters are not staple articles or commodities suitable for non-infringing uses. These acts constitute violations of 35 U.S.C. § 271.

32. On information and belief, SolarBridge's infringement of the '155 patent is, has been, and continues to be willful and deliberate. SolarBridge is very familiar with Enphase and its revolutionary microinverter technology and, on information and belief, has knowledge of the '155 patent. Despite this knowledge, SolarBridge has continued to directly and indirectly infringe one or more claims of the '155 patent, entitling Enphase to increased damages under 35 U.S.C. § 284 and to attorneys' fees and expenses incurred in prosecuting this action under 35 U.S.C. § 285.

33. Such infringement has injured and damaged Enphase. Unless enjoined by this Court, SolarBridge will continue its infringement, irreparably injuring Enphase.

34. As a direct and proximate result of SolarBridge's infringement of the '155 patent, Enphase has been and continues to be damaged in an amount yet to be determined.

## FOURTH CLAIM FOR RELIEF

**(Infringement of U.S. Patent No. 5,951,785 C1)**

35. Enphase realleges and incorporates by reference the allegations stated in paragraphs 1 through 34 of this Complaint.

36. SolarBridge, by engaging in the unauthorized manufacture (or causing to be manufactured), importation, use, sale and/or offer for sale of the Accused Products that are covered by one or more of the claims of the '785 patent, has committed acts of direct

infringement of one or more claims of the '785 patent.  These acts constitute violations of 35 U.S.C. § 271.

37. SolarBridge has committed acts of contributory and/or inducement of infringement of one or more claims of the '785 patent by selling, supporting, and/or encouraging the infringing use of the Accused Products to third parties.  Such microinverters are not staple articles or commodities suitable for non-infringing uses.  These acts constitute violations of 35 U.S.C. § 271.

38. On information and belief, SolarBridge's infringement of the '785 patent is, has been, and continues to be willful and deliberate.  SolarBridge is very familiar with Enphase and its revolutionary microinverter technology and, on information and belief, has knowledge of the '785 patent.  Despite this knowledge, SolarBridge has continued to directly and indirectly infringe one or more claims of the '785 patent, entitling Enphase to increased damages under 35 U.S.C. § 284 and to attorneys' fees and expenses incurred in prosecuting this action under 35 U.S.C. § 285.

39. Such infringement has injured and damaged Enphase.  Unless enjoined by this Court, SolarBridge will continue its infringement, irreparably injuring Enphase.

40. As a direct and proximate result of SolarBridge's infringement of the '785 patent, Enphase has been and continues to be damaged in an amount yet to be determined.

## PRAYER FOR RELIEF

WHEREFORE, Enphase prays that this Court enter judgment as follows:

(A) Adjudicating and declaring that SolarBridge has infringed, actively induced infringement of, and/or contributorily infringed the Patents-In-Suit;

(B) Preliminarily and permanently enjoining SolarBridge, its officers, agents, servants, employees, attorneys and all persons in active concert or participation with it from further infringement of the Patents-In-Suit or, to the extent not so enjoined, ordering SolarBridge to pay compulsory ongoing royalties for any continuing infringement of the Patents-In-Suit;

(C) Ordering that SolarBridge account, and pay actual damages (but no less than a reasonable royalty), to Enphase for SolarBridge's infringement of the Patents-in-

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

6   COMPLAINT FOR PATENT INFRINGEMENT;
CASE NO.: 5:14-CV-05443

Suit;

(D) Declaring that SolarBridge willfully infringed one or more of the Patents-in-Suit and ordering that SolarBridge pay treble damages to Enphase as provided by 35 U.S.C. § 284;

(E) Ordering that SolarBridge pay Enphase's costs, expenses, and interest, including prejudgment interest, as provided for by 35 U.S.C. § 284;

(F) Declaring that this is an exceptional case and awarding Enphase its attorneys' fees and expenses as provided for by 35 U.S.C. § 285;

(G) Granting Enphase such other and further relief as the Court deems just and appropriate, or that Enphase may be entitled to as a matter of law or equity.

Respectfully submitted,

Dated: October 10, 2014                MORGAN, LEWIS & BOCKIUS LLP


By /s/ Michael J. Lyons
   Michael J. Lyons
   Attorneys for Plaintiff
   Enphase Energy, Inc.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Enphase hereby requests a trial by jury.

Respectfully submitted,

Dated: October 10, 2014                    MORGAN, LEWIS & BOCKIUS LLP


By /s/ Michael J. Lyons
   Michael J. Lyons
   Attorneys for Plaintiff
   Enphase Energy, Inc.